**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2015[*]
Decided June 2, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3574

| | |
|---|---|
| ERIN EILER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 14-3063 |
| | |
| CITY OF PANA, | Colin S. Bruce, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Erin Eiler appeals the dismissal of her employment-discrimination complaint against the City of Pana, Illinois, which failed to hire her as a water-plant operator. We affirm in part, vacate in part, and remand for further proceedings.

Eiler alleges in her complaint that the City discriminated against her when, despite her qualifications, it rejected her application for a water-plant job. With her application Eiler had submitted a certificate showing that she had been honorably

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

discharged from the military several years earlier because of an unspecified disability. After receiving right-to-sue letters from the Equal Employment Opportunity Commission, Eiler, proceeding pro se, sued the City using the five-page form complaint provided by the Central District of Illinois for employment-discrimination claims. Eiler checked several boxes on the form to assert that, among other things, the City did not hire her because of her race, age, sex, and disability. She further alleges that her degree in chemistry qualifies her for the position but that the City, after seeing her military-discharge certificate, did not interview or hire her based on her disability.

The district court granted the City's motion for judgment on the pleadings. FED. R. CIV. P. 12(c). The court first determined that Eiler failed to exhaust administrative remedies with regard to her claims of age and race discrimination by not raising them before the EEOC or the Illinois Department of Human Rights (and in any event, the court said, her pleadings regarding these claims are deficient). As for her claims of sex discrimination, the court concluded that she neither elaborates on the nature of the discrimination nor alleges that she received unequal pay for equal work. Finally, the court determined that Eiler fails to allege "sufficient facts to establish the requirements necessary for a finding of disability discrimination."

On appeal Eiler generally contests the district court's conclusion that she fails to state any claims for relief. But the district court correctly determined that, because she did not file administrative charges of either age or race discrimination, she did not exhaust those claims for purposes of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–1101 (7th Cir. 2013). The district court also properly dismissed Eiler's sex discrimination claims under Title VII and the Equal Pay Act, 29 U.S.C. § 206(d)—claims upon which she does not elaborate beyond checking certain boxes on the form complaint concerning types of discrimination. Without any supporting allegations, her checking of such boxes is nothing more than a legal conclusion, which we need not accept as true. *See Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015).

The district court erred, however, in dismissing Eiler's claim of disability discrimination under Title I of the Americans with Disabilities Act, *see* 42 U.S.C. § 12112. She properly states an ADA claim by alleging that she is disabled (an allegation supported by her record of military discharge because of a disability), that she is qualified (by virtue of her chemistry degree) to perform the essential job functions either with or without reasonable accommodation, and that she suffered an adverse

employment action (by not being hired) because of her disability. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). The district court was wrong to state that she needs to "establish" this claim at the pleading stage; support of Eiler's allegations comes later, in response to a motion for summary judgment or at trial. *See Armstrong v. Daily*, No. 13-3424, 2015 WL 2182942, at *2 (7th Cir. May 11, 2015); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

Accordingly, the judgment is VACATED with regard to Eiler's claim of disability discrimination under the Americans with Disabilities Act, and the case is REMANDED for further proceedings consistent with this decision. In all other respects the judgment is AFFIRMED.