In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3211

JOSEPH FELTON,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14-cv-6857 — **Milton I. Shadur**, *Judge.*

ARGUED FEBRUARY 16, 2016 — DECIDED JUNE 28, 2016

Before POSNER, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Joseph Felton sued the City of
Chicago and its police superintendent, alleging that police of-
ficers used excessive force in arresting him. The district judge
consulted newspaper accounts of the arrest and then, without
requiring an answer from the defendants, dismissed the suit
as frivolous. But the suit was not frivolous and the judge

should not have dismissed it by relying on newspaper stories. We reverse.

## I. BACKGROUND

We recite the facts assuming the truth of Felton's allegations. On March 15, 2014, Felton was in a car in Harvey, Illinois, when he was approached by an unmarked car with "black tinted windows." This caused Felton, who was unarmed, to fear for his life. He fled, turning onto the expressway and heading toward Chicago. Chicago police officers "chased" him along the expressway and fired their guns at him (but Felton does not say he was hit). The officers then "ram[med]" their cars into his, causing him to "swerve out of control" and crash. At some point, he was "shot by 6 different stu[n] guns." As a result of the officers' actions, Felton was "put into critical condition" and suffered broken bones, bruises, a concussion, lost vision, and other injuries. He underwent several surgeries and suffered "excruciating pain and mental anguish." He brought this suit under 42 U.S.C. § 1983, alleging the officers used constitutionally excessive force.

Because Felton was incarcerated when he filed suit, the district judge conducted an initial screening of the complaint. *See* 28 U.S.C. § 1915A. The judge noted that the allegations were insufficient to state claims against the only defendants that Felton named—the City of Chicago and its police superintendent (in his official capacity). Because that problem could be cured by an amendment (naming the officers who were actually involved in the incident), the judge moved on to what he saw as "more grievous problems."

The judge found it "painfully obvious" that Felton's complaint "had omitted critical facts" which would "cast more light" on whether the officers caused Felton's injuries, or whether his injuries "resulted from his own flight in what appeared from his narrative to be a high-speed chase." So the judge consulted three newspaper accounts of Felton's arrest. "Instead of expending further resources in recapping what those newspaper accounts reflected," the judge merely attached them as exhibits to his order. Then, without explanation, the judge declared that Felton was trying "like the alchemists of the Middle Ages, to transmute base metal into gold." So the judge dismissed the entire suit as "frivolous." *See* 28 U.S.C. § 1915A(b)(1).

Felton appealed and we appointed him an attorney. Though the City did not participate in the proceedings below, we invited it to file an appellate brief. It declined, so we appointed an *amicus curiae* to defend the judgment.

## II. ANALYSIS

District judges must screen prisoner complaints as soon as practicable and must "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Felton's complaint was dismissed as "frivolous," which means "lack[ing] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The judge did not say whether the fatal flaw was factual or legal, so we consider each possibility. We review a dismissal for factual frivolousness for an abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Allegations are not frivolous unless they are "clearly baseless,"

"fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Felton's allegations—that when he fled officers along an expressway, they chased him, rammed his car, and used stun guns on him—were not frivolous. *See id.* at 33 (allegations that are merely "unlikely," "improbable," or "strange" do not meet the frivolousness standard). If the judge dismissed the suit as *factually* frivolous, he abused his discretion.

A claim is *legally* frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327–28. Our review is plenary. *Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 787 (7th Cir. 1995). Felton's theory is familiar: he says officers used excessive force in arresting him, which violates the Fourth Amendment (applicable to the states through the Fourteenth). As an initial matter, Felton's suit would lack "even an arguable basis in law" if his injuries were self-inflicted and the officers caused him no harm. That may be what the district judge concluded after reading the newspapers. But when screening for frivolousness, "the complaint is the entire record of the case." *Billman*, 56 F.3d at 788. The "frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Denton*, 504 U.S. at 32; *see also Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2003). Felton says the judge relied on the newspapers to dismiss his suit. And though the City did not file a brief, it sent a letter to the court, agreeing with Felton that the district court dismissed the suit "based on the court's independent research into newspaper accounts of the underlying incident." If the judge did so, that is unjustifiable, no matter how deferential our review. In our analysis, we credit Felton's allegation that the officers caused his injuries.

Felton argues that the legal viability of his suit depends on facts that could not have been determined at the screening stage. For example, he asks "whether the police were justified in chasing [him] in the first place." But that's irrelevant because "pre-seizure conduct is not subject to Fourth Amendment scrutiny." *Carter v. Buscher*, 973 F.2d 1328, 1332–33 (7th Cir. 1992); *see also California v. Hodari D.*, 499 U.S. 621, 626–27 (1991).[1] Felton also questions whether the officers had "some other purpose," aside from stopping his flight. But the Fourth Amendment analysis is objective, so the officers' intentions do not matter. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham v. Connor*, 490 U.S. 386, 397 (1989) ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force … .").

Objectively, at least one part of Felton's complaint was legally viable: his allegation that he was shot by multiple stun guns. Nothing in the complaint says that this happened *during* the car chase. A reasonable inference is that it happened afterward. And nothing in the complaint says whether Felton was subdued, passively resisting, or actively resisting at the time. Discovery may reveal that he was actively resisting, but at the screening stage the judge was required to draw the reasonable inference that Felton was subdued or only passively resisting. In that case, shooting him with stun guns could violate clearly established law. *E.g.*, *Abbott v. Sangamon County*,

---

[1] For a similar reason, the allegation that officers fired their guns, though potentially troubling depending on the circumstances, is irrelevant because Felton does not allege he was hit or that the shooting made him stop his flight. *See Hodari D.*, 499 U.S. at 626–27 (no seizure if an officer's show of force does not physically touch the individual or compel him to submit to the officer's authority).

705 F.3d 706, 732–33 (7th Cir. 2013); *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862–63 (7th Cir. 2010). Dismissing these allegations as frivolous was an abuse of discretion.

As to the legal effect of Felton's allegations that officers rammed his car, the parties were correct to focus on the objective dangerousness of the car chase. Officers are allowed to end a highly dangerous car chase by ramming the fleeing car. *Scott*, 550 U.S. at 386 ("A police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death."). But, as Felton stresses, the complaint does not say that the chase was dangerous. Felton's chase might have been like O.J. Simpson's: low-speed, on a deserted expressway, with officers following at a safe distance. If Felton posed no danger but officers rammed his car, a Fourth Amendment claim would not be frivolous. *Cf. Mullenix v. Luna*, 136 S. Ct. 305, 312 (2015) (per curiam) (describing dangerousness of car chase before concluding that officers did not violate the Fourth Amendment); *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014) (same); *Scott*, 550 U.S. at 378–81 (same).

It might be fair to say that a car chase along an expressway is usually dangerous, so the inference that the chase was O.J.-like is not *reasonable*. And if the chase in this case was *not* dangerous, Felton should have said that in his complaint. But even if that was the case, when a plaintiff—especially a *pro se* plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). And because Felton's stun gun allegations stated a claim, the case must be returned to the district court. Because Felton did not name the specific

officers involved in his arrest, he must amend his complaint, so he will have the opportunity to add detail to his car chase allegations.

On remand, the parties should know that in *Scott v. Harris*, the Supreme Court refused to accept the non-movant's version of the facts at summary judgment because that version was clearly contradicted by a video of the chase. 550 U.S. at 378–80. If video exists that clearly contradicts Felton's story, an early and cost-efficient motion for summary judgment might be appropriate. Of course, as the *Scott* dissent noted, *id.* at 395–96, video may not tell the whole story and reasonable people can sometimes draw different conclusions from the same video. If the defendants move for summary judgment, the parties should know that Federal Rule of Civil Procedure 56(d) allows non-movants to argue that further discovery is necessary to resolve the motion.

### III. CONCLUSION

For the foregoing reasons, we REVERSE the judgment and REMAND for proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.