In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 16-3182

ENNIS LEE BROWN,

*Plaintiff-Appellant,*

*v.*

WISCONSIN STATE PUBLIC DEFENDER'S OFFICE, *et al.*,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:16-cv-00632-PP — **Pamela Pepper**, *Judge.*

———————————

SUBMITTED MARCH 27, 2017 — DECIDED APRIL 20, 2017

———————————

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* Ennis Brown, a Wisconsin state prisoner, appeals the dismissal of a suit in which he charged the Wisconsin State Public Defender's Office, and others, with violating what he claims to be his constitutional right to represent himself on appeal. 42 U.S.C. § 1983.

Brown has had a contentious relationship with lawyers since being charged in 2012 with sexually abusing his chil-

dren. See *Brown v. Hicks*, 2017 WL 701197 (7th Cir. 2017); *Wisconsin v. Brown*, 2015 WL 5919165 (Wis. Ct. App. 2015). Three times before the trial in the state court on those charges the presiding judge had allowed Brown's appointed counsel to withdraw because Brown would not cooperate with him. So Brown appeared pro se at the trial but after "multiple outbursts" and "attempts by him to intimidate the victim-witnesses," the court held that he'd "forfeited his right to represent himself." *Wisconsin v. Brown*, *supra*, at *8.

Brown was convicted and the Public Defender's Office then appointed lawyer Mark Rosen to represent Brown on appeal—who objected that in representing him Rosen was acting without his "consent or participation." Brown then brought the present suit, against Rosen, the Public Defender's Office, and others, charging that they'd combined to use "unconstitutional procedures" by appointing counsel without determining whether Brown was indigent, requesting his permission to appoint counsel, or asking whether he wanted to appeal. Brown further alleged that one of the lawyers had deprived him of legal documents and prevented him from requesting legal help from a nonprofit organization.

The district court screened Brown's complaint under 28 U.S.C. § 1915A and concluded that his claim that Rosen had been ineffective in representing him was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because it implied that his conviction may have been invalid; for Brown's argument that Rosen was ineffective in representing him on appeal implies that the appeal was winnable, in which event Brown's conviction at trial may have been mistaken. As for Brown's further claim that he'd been deprived of the right to

represent himself on appeal, the district judge correctly ruled that the claim failed because there is no constitutional right to self-representation on appeal. The Supreme Court had held in *Martinez v. Court of Appeal of California*, 528 U.S. 152, 160–63 (2000), that in an appeal the state's "interest in the fair and efficient administration of justice" outweighs the defendant's interest in his autonomy because there is no longer the presumption of innocence and because the Sixth Amendment does not refer to appellate proceedings.

Brown sought reconsideration, arguing that he had a due process right to decide whether to proceed pro se in his appeal, hire counsel, or be represented by appointed counsel. But he didn't explain why the Public Defender's practice of assigning appellate counsel immediately after trial violates the due process clause. See *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). The judge further noted that because there is no right to self-representation on appeal, the Constitution isn't violated by requiring an indigent defendant to accept, against his will, an appointed appellate attorney. *Martinez v. Court of Appeal of California*, *supra*, 528 U.S. at 160–61, 163–64; *Speights v. Frank*, 361 F.3d 962, 965 (7th Cir. 2004).

We affirm the district court's rejection of Brown's arguments concerning representation (self- or by counsel) on appeal. And because Brown's appeal is frivolous, we impose two strikes on him pursuant to 28 U.S.C. § 1915(g); see *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam).