NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided August 27, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1859

| | |
|---|---|
| CHARLES RYAN WEINSCHENK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-00829-TWP-MPB |
| CENTRAL INTELLIGENCE AGENCY, et al., *Defendants-Appellees.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Charles Weinschenk sued the Central Intelligence Agency, the Federal Bureau of Investigation, the Indiana State Police, and Noblesville Schools, alleging that they conspired for more than 20 years to force him into "a life of poverty, carpentry, and deviant associations." But the connection between the locations, dates, people, and events he mentions is unclear. The first incident in his amended complaint occurred in

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

1997, when, for reasons unknown, a "hacker" asked Weinschenk to delete a family photo; the last occurred in 2018, when FBI agents harassed him online and stalked him. Of its own accord, the district court dismissed the pro se amended complaint as frivolous, even though Weinschenk had paid the filing fee and was not subject to the screening requirement of 28 U.S.C. § 1915(e)(2).

Weinschenk challenges the ruling that his suit was frivolous and asserts that, if his complaint is liberally construed, he stated a claim that the defendants have subjected him to civil rights violations for 20 years. We begin by noting that the district court said that the complaint was dismissed both "as frivolous" and "for failure to state a claim upon which relief can be granted." But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving notice and the opportunity to respond. *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Here, we are satisfied based on the balance of the order that the court indeed found the complaint frivolous. It began by noting its "ample authority to dismiss frivolous or transparently defective suits," *Hoskins*, 320 F.3d at 763, then listed a number of the complaint's confusing and unrelated allegations, and concluded by stating that "a suit is frivolous if it is apparent from reading the complaint . . . that the case is going nowhere," *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015).

Dismissing the case as frivolous was not an abuse of discretion. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774–75 (7th Cir. 2002) (dismissal for factual frivolousness is reviewed deferentially). A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Weinschenk's allegations fit that description. His complaint alleges that over the span of 20 years, defendants gave him Viagra when he was a high school student, attempted to "wipe out [his family] line" through the destruction of his DNA, forced him to play "the role of Jesus" in a skit in a courtroom, circled his house with helicopters "in line with a fake serial killer narrative," and "dressed up as the uni-bomber and followed closely behind [him] on a [walking] trail." He only just discovered these allegations, he says, because the CIA fed him a memory-inhibiting substance to cover everything up. Given the facially incredible nature of these allegations, the district court appropriately dismissed his suit as frivolous.

AFFIRMED