NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided May 25, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2753

| | |
|---|---|
| MELVIN A. FORD-EL,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 20 C 50254 |
| UNITED STATES OF AMERICA, et al.,<br>    *Defendants-Appellees*. | Philip G. Reinhard,<br>*Judge*. |

## O R D E R

Melvin Ford-El, a state inmate, brought this sprawling civil-rights lawsuit against dozens of entities (governmental, nonprofit, and private) and their employees for identifying him in paperwork as black or African American rather than Moorish American. He alleged that the defendants have conspired to conceal the indigenous status of Moorish Americans like him, deny them their rights as sovereign citizens, and subject them to illegitimate and inhumane laws. The district court screened Ford-El's

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

complaint and dismissed it as frivolous. *See* 28 U.S.C. § 1915A. Not only did his arguments—like those often raised by "sovereign citizens"—fail to state a claim, *see Bey v. Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) (collecting cases), but they were barred by a host of other legal doctrines, including the statute of limitations, the rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), claim preclusion, and the domestic-relations exception to federal jurisdiction. Discerning no possible amendment that could render his claims cognizable, the district court closed the case and assessed a strike under 28 U.S.C. § 1915(g).

On appeal Ford-El essentially argues that the district court wrongly dismissed his claims at screening when it characterized them as arising under 42 U.S.C. § 1983 or resembling unsuccessful sovereign-citizen attacks. He maintains that he plausibly stated a claim that the defendants conspired to hide his Moorish status and keep him incarcerated for exercising his indigenous rights. But the Prison Litigation Reform Act requires district courts to screen prisoner complaints at the earliest possible stage and dismiss cases that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." § 1915A(b)(1); *see Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016). The district court here commendably parsed Ford-El's complaint, considered a range of possible claims he may have sought to raise, and carefully explained why each failed. Even if we accept Ford-El's assertion that the conspiracy he alleges differs from the typical sovereign-citizen suit, his allegations of a vast conspiracy among all the defendants are not sufficiently plausible to state a claim. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

We have considered Ford-El's remaining arguments, and none has merit. Because this appeal is frivolous, we will assess a second strike under § 1915(g). *See Brown v. Wis. State Pub. Def.'s Off.*, 854 F.3d 916, 918 (7th Cir. 2017).

AFFIRMED