In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2571

ANTHIMOS GOGOS,

*Plaintiff-Appellant,*

*v.*

AMS MECHANICAL SYSTEMS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 3779 — **Milton I. Shadur**, *Judge.*

SUBMITTED DECEMBER 9, 2013[*] — DECIDED DECEMBER 16, 2013

Before CUDAHY, ROVNER, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Anthimos Gogos is suing his former
employer, AMS Mechanical Systems, Inc., alleging that it
violated the Americans with Disabilities Act, 42 U.S.C. § 12112,

---

[*] The appellee was not served with process in the district court and is not
participating in this appeal. After examining the appellant's brief and the
record, we have concluded that oral argument is not necessary. Thus, the
appeal is submitted on the appellant's brief and the record. *See* FED. R. APP.
P. 34(a)(2)(C).

by firing him because of his disability, vision and circulatory problems caused by high blood pressure. The district court dismissed the action, but because Gogos states a claim for relief under the ADA, we vacate the dismissal and remand for further proceedings.

Gogos based his complaint on the following allegations, which we regard as true for purposes of this appeal. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 402 (7th Cir. 2010). Gogos, a pipe welder with forty-five years experience, has taken medication to reduce his elevated blood pressure for more than eight years. He began working for AMS in December 2012 as a welder and pipe-fitter. The next month, his blood pressure spiked to "very high," and he experienced intermittent vision loss (sometimes for a few minutes at a time). Shortly after reporting to work on January 30, 2013, Gogos discovered that his right eye was red, and he requested and received from his supervisor leave to seek immediate medical treatment for his blood pressure and ocular conditions. As Gogos left the work site, he saw his general foreman and told him that he was going to the hospital because "my health is not very good lately." The foreman immediately fired him.

After Gogos pursued an administrative charge with the Equal Employment Opportunity Commission, he sued in federal court. He attached to his employment-discrimination complaint (prepared on a form supplied by the clerk's office) a one-page narrative of his allegations and copies of his administrative charge and right-to-sue letter. He applied to proceed in forma pauperis and requested that the court recruit counsel, explaining that he cannot afford an attorney, that he

has only a grammar-school education, and that English is not his primary language.

The district court dismissed the action. It reasoned that Gogos's medical conditions were "transitory" and "suspect" and therefore did not qualify as disabilities under the ADA. Concluding that it therefore lacked "subject matter jurisdiction," the court dismissed the action and denied as moot Gogos's in forma pauperis application and motion to recruit counsel. The court also later denied Gogos's motion to reconsider the dismissal because Gogos failed to show in his motion that he pursued his administrative remedies before filing suit.

On appeal Gogos argues generally that the district court erred in dismissing this action. As an initial matter we note that, because Gogos attached to his complaint the charge of discrimination that he filed with the Commission and his right-to-sue letter, the complaint does not reflect a failure to pursue administrative remedies. *See* 42 U.S.C. §§ 12117, 2000e-5(e)(1); *Basith v. Cook Cnty.*, 241 F.3d 919, 931 (7th Cir. 2001).

We review de novo a district court's dismissal of a claim. *See Abelesz v. Magyar Nemzeti Bank*, 692 F.3d 661, 669–70 (7th Cir. 2012); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). A frivolous allegation of a violation of federal law will not engage the subject-matter jurisdiction of a federal court. *See Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974). But Gogos properly invoked federal jurisdiction by alleging that his former employer violated the ADA when it fired him because of his blood-pressure problems. *See* 28 U.S.C. § 1331; *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Accordingly,

the dismissal for lack of "subject matter jurisdiction" was incorrect.

We assume that the district court mischaracterized its dismissal as jurisdiction-based and intended to dismiss the complaint for failure to state a claim. *See Bovee*, 732 F.3d at 744. Accordingly, we evaluate de novo whether Gogos's pro se complaint fails to state a claim for relief, "making all possible inferences from the allegations in [his] favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, a complaint must allege "sufficient factual matter …' to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief under Title I of the ADA, 42 U.S.C. § 12112(a), requires Gogos to allege facts showing that "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008); *Dargis v. Sheahan*, 526 F.3d 981, 986 (7th Cir. 2008). Since Gogos was discharged after January 1, 2009, the 2008 amendments to the ADA, which expanded the Act's coverage, apply to his claim. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553.

Gogos alleged sufficient facts plausibly showing that he is disabled. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities …; (B) a record of such an impairment; or (C) being regarded as having such an impairment … ." 42 U.S.C. § 12102(1). Under the 2008 amendments, a person with an

impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is "transitory and minor" (defined as lasting six months or less). *See* id. § 12102(3)(B) (Only paragraph (1)(C) of the definition of disability "shall not apply to impairments that are transitory and minor."); 29 C.F.R. § 1630.2(j)(1)(ix). Likewise,"[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

Based on these provisions, Gogos's episode of a blood-pressure spike and vision loss are covered disabilities. He attributes both problems to his longstanding blood-pressure condition, and the ADA's implementing regulation lists hypertension as an example of an "impairment[] that may be episodic." Under the 2008 amendments, "[t]he fact that the periods during which an episodic impairment is active and substantially limits a major life activity may be brief or occur infrequently is no longer relevant to determining whether the impairment substantially limits a major life activity." 29 C.F.R. Pt. 1630, App. at Section 1630.2(j)(1)(vii). Instead, the relevant issue is whether, despite their short duration in this case, Gogos's higher-than-usual blood pressure and vision loss substantially impaired a major life activity when they occurred. *See* id. Construing the complaint generously and drawing reasonable inferences in Gogos's favor, we conclude that they did. Gogos alleges that his episode of "very high" blood pressure and intermittent blindness substantially impaired two major life activities: his circulatory function and eyesight. 42 U.S.C. § 12102(2). Accordingly, he has alleged a covered disability.

Moreover, Gogos's alleged chronic blood-pressure condition—for which he has taken medication for more than eight years—could also qualify as a disability. The amended ADA provides that when "determin[ing] whether an impairment substantially limits a major life activity[,] the ameliorative effects of mitigating measures such as … medication" are not relevant. 42 U.S.C. § 12102(4)(E)(i)(I). The interpreting regulation explains the new law by way of an example directly on point here: "[S]omeone who began taking medication for hypertension before experiencing substantial limitations related to the impairment would still be an individual with a disability if, without the medication, he or she would now be substantially limited in functions of the cardiovascular or circulatory system." 29 C.F.R. Pt. 1630, App. at Section 1630.2(j)(1)(vi). Thus, even if Gogos had not experienced the episode of elevated blood pressure and vision loss, he could qualify as disabled due to his chronic blood-pressure condition.

Gogos alleges facts sufficient to satisfy the remaining elements necessary to state a claim for relief under Title I of the ADA. He alleges that he had forty-five years of experience as a pipe welder and that he worked for AMS as a welder and pipe fitter for more than a month before he was fired; thus, he adequately pleads that he was qualified to perform the essential functions of his job. *See* 42 U.S.C. § 12112(a); *Peters v. City of Mauston*, 311 F.3d 835, 845 (7th Cir. 2002). And he alleges that he suffered an adverse employment action because of his disability: he asserts that immediately after he reported his medical conditions to his foreman at AMS, the foreman fired him. *See* 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4(a)(1)(ii).

We VACATE the dismissal and REMAND for further proceedings consistent with this opinion. On remand the district court should consider Gogos's application to proceed in forma pauperis and, in light of his limited education and English fluency, his request for counsel.