In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1447

JOHN TATE,

*Plaintiff-Appellant,*

*v.*

SCR MEDICAL TRANSPORTATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 10165 — **Samuel Der-Yeghiayan**, *Judge.*

ARGUED DECEMBER 15, 2015—DECIDED DECEMBER 28, 2015

Before BAUER, POSNER, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* John Tate filed this suit pro se, seeking leave to proceed *in forma pauperis*. The suit charges the defendant (Tate's former employer, a company engaged in providing non-emergency medical transportation for disabled persons and veterans) with having discriminated against him and then having retaliated against him for complaining about the discrimination. See 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964) and 42 U.S.C.

§§ 12101 *et seq*. (Americans with Disabilities Act). The district judge dismissed the suit, without allowing the plaintiff to amend the complaint, on the authority of 28 U.S.C. § 1915(e)(2)(B)(ii). That section, a counterpart to Fed. R. Civ. P. 12(b)(6), requires dismissal of a complaint filed by a plaintiff seeking to proceed *in forma pauperis* if the complaint "fails to state a claim on which relief may be granted." The actual word in the statute is "case" rather than "complaint," but by analogy to Rule 12(b)(6) ("a party may assert the following defenses [to a claim for relief in any pleading] by motion: … failure to state a claim upon which relief can be granted") we have read "case" in section 1915(e)(2)(B)(ii) to mean "complaint." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 n. 5 (7th Cir. 2013).

The judge ruled that Tate's complaint failed to state such a claim because it contained "little more than conclusory legal jargon such as that he [the plaintiff] was 'subjected to sexual harassment,' and that he 'complained,' that he 'believe[d he] was discriminated against because of [his] disability' and his 'sex, male, and in retaliation for engaging in protected activity.'" The judge continued that Tate had placed "checks in a variety of boxes provided on his complaint form with conclusory statements such as that the Defendant 'failed to reasonably accommodate the plaintiff's disabilities.'"

But the judge was mistaken to think that the plaintiff was required to plead more elaborately than he had done, except (as we'll see) with regard to his claim of disability discrimination. As the Equal Employment Opportunity Commission's amicus curiae brief in support of Tate points out, he prepared his complaint by filling out a complaint form sup-

plied to him by the district court. The form does not require, or indeed permit, extensive factual detail, for it provides only six lines for listing "the facts supporting the plaintiff's claim of discrimination."

Here is the plaintiff's list (it was handwritten in the original, and was seven lines long, with the seventh line squeezed in below the sixth—and final—line on the form):

> I was hired by Defendant on or about August 4, 2014. My most recent position was Driver Trainee. Defendant was aware of my disability. During my employment, I was subjected to sexual harassment. I complained to no avail. On September 5, 2014, I was discharged. I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act, my sex, male, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The only seriously deficient allegation concerns the disability, which is not named or otherwise identified in the complaint. A plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability. See *Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). And surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. None of these things is alleged in Tate's complaint. Quite apart from the enhanced pleading requirements imposed the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009), a defendant is entitled to "fair notice," in the complaint, of the plaintiff's claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 514 (2002). The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.

The other violations that the plaintiff complains of—sexual harassment, discrimination on the basis of his sex, and retaliation for engaging in protected activity—are adequately alleged, given our ruling in *Luevano v. Wal-Mart Stores, Inc.*, *supra*, 722 F.3d at 1028, quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084–85 (7th Cir. 2008), that "to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer [had] instituted a (specified) adverse employment action against the plaintiff on the basis of her [or his] sex." See also *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 833–34 (7th Cir. 2015); *Carlson v. CSX Transportation, Inc.*, 758 F.3d 819, 827–28 (7th Cir. 2014). The pro se complaint in this case satisfies that undemanding standard.

Furthermore, the district court dismissed the suit before the expiration of the 21-day period (after the filing by the defendant of a responsive pleading or a motion to dismiss) during which a plaintiff may file an amended complaint without the court's approval. Fed. R. Civ. P. 15(a)(1). This was a serious mistake given the inadequacy of the plaintiff's allegation of disability discrimination. The judge should not only have complied with the rule; he should have told the plaintiff what is required to allege disability discrimination. We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his com-

plaint. See e.g., *Luevano v. Wal-Mart Stores, Inc., supra*, 722 F.3d at 1022–25; *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir 2007); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Indeed the court should grant leave to amend after dismissal of the first complaint "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (7th Cir. 2004) (emphasis added).

Had the judge told the plaintiff before dismissing his suit what was missing from the complaint, or had he dismissed just the complaint and not the suit and informed the plaintiff of a plaintiff's right to rectify the deficiencies of his complaint in an amended complaint, we might have been spared this appeal, and the district judge a remand. See *Hughes v. Farris*, No. 15-1801, 2015 WL 8025491, at *1–2 (7th Cir. Dec. 7, 2015); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108–09 (3d Cir. 2002).

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.