NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-4116

| | |
|---|---|
| GREGORY LEE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 12 C 09180 |
| CHICAGO TRANSIT AUTHORITY, | |
|     *Defendant-Appellee.* | Andrea R. Wood, |
| | *Judge.* |

**O R D E R**

Gregory Lee, a former employee of the Chicago Transit Authority, appeals from the dismissal of his third amended complaint for failure to state a claim. Lee asserted that the CTA violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

failing to provide a reasonable accommodation for an unspecified disability and then firing him because of that disability. We affirm.

As set forth in his third amended complaint, the allegations of which we accept as true, *see W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016), Lee had experienced medical problems before being fired from his position as Transportation Manager for the CTA. In February 2010 he became ill at work and was rushed by ambulance to the hospital. He later took short-term disability leave. Several months into his leave, he received a letter from the CTA directing him to report to the Authority's general manager to discuss his status. Lee met with the general manager and told him that he would not be released from medical treatment for two or three more months. Two weeks later he received another letter from the CTA stating that he had exhausted his leave under the Family and Medical Leave Act and was being "administratively separated." After his release from medical treatment three months later, however, the CTA reinstated Lee as Transportation Manager.

In early 2011 Lee again began experiencing unspecified health issues and tried to address potential accommodations with his supervisors. But delays making contact ensued, and in November 2011 he again had to be rushed by ambulance to the hospital. He took medical leave once more and five months later received a second letter of administrative separation based on his inability to perform his job and his having exhausted his FMLA leave.

Lee then filed this suit, alleging that the CTA terminated his employment based on a disability and refused to offer him reasonable accommodations. Judge Tharp dismissed this initial complaint without prejudice (his reasons are not reflected in the record). Lee amended his complaint, and this time he alleged that he had suffered a stroke; that he had been diagnosed with hypertension, anxiety, and depression; and that these conditions caused severe headaches, loss of concentration, and memory loss—all of which affected his ability to complete his job duties without an accommodation. Lee again amended his complaint (to withdraw an age-discrimination claim not at issue here).

Judge Andrea Wood, to whom the case had been reassigned, then granted the CTA's motion to dismiss this complaint for failure to state a claim. Lee, the judge explained, failed to allege that he had a disability under the ADA because he did not suggest how his medical conditions substantially limited his ability to work. Lee, she added, also did not allege that he was qualified to perform the essential functions of his job as Transportation Manager, with or without an accommodation. The judge agreed

to give Lee "one final opportunity" to amend his complaint to rectify the identified deficiencies, and she "reminded" him to include "all of the facts" upon which he sought to rely.

Lee amended his complaint for a third time, but the district court dismissed it with prejudice, concluding that he had not sufficiently pleaded facts to support a discrimination claim under the ADA. This version of the complaint, the court pointed out, omitted any reference to a specific medical condition and instead merely "parrot[ed]" the statutory definition of "disability"—a recitation insufficient to survive a motion to dismiss. And to the extent Lee had suggested in prior court filings that his disability related to sleep apnea, anxiety, and depression, he failed to allege how those conditions substantially limited a major life activity—"much less connect those dots as required." Lee, the court went on to say, also did not address whether he could perform the essential functions of his managerial job with or without reasonable accommodation.

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures [and] discharge. " 42 U.S.C. § 12112(a). To state a claim under § 12112(a), a plaintiff must allege three things: that he has a disability that fits the definition in the ADA, that he is otherwise qualified to perform the duties of his job either with or without a reasonable accommodation, and that he suffered an adverse employment action because of his disability. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015); *see also Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). At the pleading stage, Lee need not include extensive factual detail, but he must include enough information to give the defendants fair notice of the claim, which includes identifying a specific disability. *See Tate*, 809 F.3d at 345–46.

On appeal Lee disputes the district court's conclusion that he did not adequately allege a disability for purposes of the ADA, and he reiterates that he suffers from anxiety, depression, sleep apnea, and having had a stroke. But as the district court explained, Lee neglected to include these details in his third amended complaint, which is the operative complaint for any assessment of his claim. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012). And even if we assume that he had sufficiently alleged these conditions, he has not alleged that they "substantially limit[ed] one or more major life activities," as required in the definition of disability under the ADA. *See* 42 U.S.C. § 12102(1); *Sinkler v. Midwest Prop. Mgmt. Ltd. P'ship*, 209 F.3d 678, 683 (7th Cir. 2000).

Lee next seems to assert that the district court imposed on him a heightened pleading requirement with regard to the allegations he needed to make about being

otherwise qualified to perform the essential job duties of a Transportation Manager. But even if no detailed explanation of these duties was necessary, Lee needed to allege that he is able to complete the duties of a Transportation Manager with or without an accommodation, *see Tate*, 809 F.3d at 345, and he did not.

We have considered Lee's other arguments and none has merit.

AFFIRMED.