NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided June 1, 2018

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3062

| | |
|---|---|
| JUSTIN H. KNOPP, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-CV-2330 |
| WELLS FARGO BANK, N.A., et al., | |
|     *Defendants-Appellees*. | **Sara L. Ellis**, *Judge*. |

**O R D E R**

After Justin Knopp defaulted on his home mortgage, Wells Fargo sued for foreclosure in state court. That action remains pending, and Knopp alleges in this federal lawsuit that "the entire account is in error" because of unlawful assignments of his loan by various entities. Knopp's federal complaint asserts violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; the Racketeer Influenced and

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Corrupt Organizations Act, 18 U.S.C. § 1962; the False Claims Act, 31 U.S.C. § 3729; and 42 U.S.C. §§ 1985 and 1986. The district court granted the defendants' motion to dismiss Knopp's original complaint for failure to state a claim and, once Knopp's efforts to amend his complaint proved futile, dismissed the suit with prejudice. The district court denied Knopp's motion to reconsider as well as his motion for leave to file a second amended complaint.

We struggle to glean from Knopp's appellate submissions any meaningful argument for overturning the district court's judgment. *See* FED. R. APP. P. 28(a)(8)(A); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Nevertheless, generously construing his pro se brief, *Anderson*, 241 F.3d at 545, we can discern one issue for review—Knopp contends that he adequately pleaded a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2), when he alleged that the defendants refused to answer written inquiries about the validity of his loan documents. But as the district court correctly recognized, this claim fails, among other reasons, because the statute mandates responses to inquiries about loan *servicing*; it is not a means of disputing a debt's validity. *See Perron ex rel. Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 856–57 (7th Cir. 2017). And because Knopp could not have cured his complaint's legal deficiencies, the district court did not abuse its discretion in denying Knopp's request to file a second amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).

That brings us to Knopp's motion for sanctions, which is based on appellees' counsel's delay in mailing Knopp a paper copy of the appellees' response brief. We deny the motion for two reasons. First, counsel for appellees has explained that he mistakenly thought that he could serve Knopp electronically and that he mailed a paper copy of the brief as soon as he learned of his mistake. Such mistakes are unfortunate but not rare when counsel are dealing with opposing parties who are pro se, and sanctions need not be imposed for such mistakes. Second, Knopp suffered no prejudice from the delayed service because he apparently obtained an electronic copy of the brief from the court's docket within a few days of its filing. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) (recognizing that courts may consider extent of prejudice to opposing party in determining appropriate sanction). If Knopp had needed more time because of the delayed service, he needed only to ask; extensions of time are routine in such instances.

AFFIRMED.