In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1930

DAVID LEE, *et al.*,

*Plaintiffs-Appellants*,

*v.*

NORTHEAST ILLINOIS REGIONAL COM-
MUTER RAILROAD CORPORATION, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 10904 — **Sharon Johnson Coleman**, *Judge.*

ARGUED NOVEMBER 27, 2018 — DECIDED JANUARY 8, 2019

Before BAUER, HAMILTON, and BARRETT, *Circuit Judges*.

BAUER, *Circuit Judge.* Current and former employees filed a complaint in federal court against Northeast Regional Commuter Railroad Corporation ("Metra") and several of its employees alleging various forms of discrimination. The plaintiffs eventually filed an amended complaint, which was

met with a motion to dismiss, a second amended complaint, and an amended second amended complaint. The defendants responded to the amended second amended complaint by filing a motion to dismiss. The motion argued, just as the motion to dismiss the amended complaint did, that the complaint had several substantive deficiencies and failed to provide defendants with sufficient notice. The district court held that the plaintiffs' repeated failure to remedy these deficiencies warranted denial of the plaintiffs' motion for leave to file a third amended complaint. The district court then granted the defendants' motion to dismiss holding the plaintiffs' failure to respond to defendants' arguments, or otherwise defend its pleadings, resulted in waiver. The plaintiffs-appellants now invite this Court to reverse both holdings. For the reasons set forth herein, we decline the invitation and affirm the district court.

## I. BACKGROUND

On November 28, 2016, two plaintiffs filed suit against Metra and several of its employees in their individual and official capacities. This complaint detailed allegations of racial discrimination in violation of the Fourteenth Amendment for which they sought relief under 42 U.S.C. § 1983. On January 26, 2017, an amended complaint was filed. The plaintiffs in the amended complaint numbered eleven; the defendants ten. This complaint added several claims of racial discrimination and a claim that Metra violated the Americans with Disabilities Act of 1990. The complaint described in detail each plaintiff's experience at Metra, highlighting a number of instances in which African American employees were treated differently than white employees. The complaint also contained an

"argument" section which described discrimination case law and theories. This section was followed by a section labeled "claims for relief" in which the plaintiffs very briefly outlined the counts and generically asserted that the defendants caused the captioned violations.

The defendants moved to dismiss the amended complaint asserting it contained numerous pleading deficiencies. Defendants asserted it was "difficult and at times, impossible, to discern from Plaintiffs' Amended Complaint the alleged acts of wrongdoing attributable to the individual Defendants." The defendants also argued the amended complaint contained incorrect numbering and failed to assert wrongdoing against five of the named defendants. The plaintiffs did not respond to the motion to dismiss but elected to cure these deficiencies by again amending their complaint.

The plaintiffs, however, submitted the wrong version of their second amended complaint. On May 24, 2017, the parties appeared before the district court to address the issue. The district court gave the plaintiffs two options: they could file the correct complaint within twenty-four hours or if they desired more time to address the deficiencies that concerned the defendants, the district court would allow them one week to file a third amended complaint. The plaintiffs chose the former and filed an amended second amended complaint. This complaint included claims by twelve plaintiffs against twelve defendants (Metra and eleven of its employees in both their individual and official capacities). The complaint included claims of racial discrimination; hostile work environment; disparate treatment; negligent infliction of emotion harm; intentional infliction of emotional harm; discrimination in

violation of the Fourteenth Amendment for which they sought relief under 42 U.S.C. § 1983; discrimination in violation of Title VII of the Civil Rights Act of 1964, the Illinois Civil Rights Act of 2006, and the Americans with Disabilities Act of 1990; retaliation; and breach of contract under Illinois common law.

Defendants filed a motion to dismiss the second amended complaint arguing it suffered from the same deficiencies as its predecessor. In particular, the defendants asserted the complaint did not provide the defendants with notice because it failed to explain which defendants were being sued for what. Defendants also asserted the complaint contained a number of substantive problems: the plaintiffs' breach of contract claim was preempted by the Railway Labor Act, 45 U.S.C. § 159(a); the race discrimination claims under the Illinois Civil Rights Act of 2006 were fatally deficient because the statute has no application in employment law; and the claims under Title VII and the ADA were deficient because those statutes only authorize suits against employers and not individual defendants, as the plaintiffs alleged. Defendants also attacked the plaintiffs' retaliation claims as "conclusory allegations merely reciting the elements of the claim" that cannot survive the pleading stage.

Plaintiffs' response to the motion to dismiss was lacking in almost every respect. It failed to outline the federal pleading standard and did not address any of the defendants' arguments. Not only did the plaintiffs fail to make arguments in support of the amended second amended complaint, but they also failed to cite a single case for any purpose. Accordingly, the defendants' reply argued that because the plaintiffs failed to provide any legal arguments or cite any relevant authority

to establish their claims, they forfeited their right to continue litigating the case.

On February 23, 2018, the district court denied the plaintiffs' motion to file a third amended complaint because the proposed complaint failed to fix any of the deficiencies of the previous complaints and the plaintiffs failed to explain how the problems would be fixed. The court also found that the plaintiffs' response to the motion to dismiss failed to address the pleading standard or discuss the elements of their claims, failed to cite a single case, and only provided arguments based on unsupported conclusions. The district court held that the plaintiffs had waived any arguments that their pleadings were anything but deficient: "As Plaintiffs failed to defend their pleading substantively and properly respond to the deficiencies that Defendants articulated … Plaintiffs have waived their opposition to the instant Motion to Dismiss."

The plaintiffs filed a motion to reconsider and, after that motion was denied, sought relief in this Court. Because the district court gave the plaintiffs ample opportunity to address the deficiencies outlined by the defendants, and correctly found that the plaintiffs waived their arguments in opposition to the motion to dismiss, we affirm.

## II.  ANALYSIS

### A. Denial of Leave to Amend the Amended Second Amended Complaint

Appellants argue first that the district court should have granted their motion for leave to file a third amended com-

plaint. They assert that because their claims were not futile, justice requires that leave to amend be granted.

Under Federal Rule of Civil Procedure 15(a)(2), a court may grant leave to amend a pleading "when justice so requires." Reversing the denial of such a motion is proper only if the district court abused its discretion in refusing to grant the leave without justification. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). We defer to the district court because it is "particularly well-situated to judge the worthiness of a plaintiff's motion to amend his complaint, having been involved in the progress of the case throughout its development and having viewed first-hand the party's diligence or lack thereof." *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990) (quoting *Bohen v. City of East Chicago*, 799 F.2d 1180, 1185 (7th Cir. 1986)).

There is a presumption that a plaintiff should have an opportunity to test a claim on the merits, but this presumption may be overcome if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the district court found the plaintiffs' repeated failure to cure the deficiencies raised by defendants warranted denial of the motion.

The plaintiffs initially filed a seven-page complaint. The complaint was then amended and several defendants, plaintiffs, and around fifty pages were added. However, there were serious deficiencies with this complaint. The defendants argued the complaint failed to provide them with notice as to

what claims were being asserted against which defendants and the numbering of the paragraphs did not comport with the requirements of Federal Rule of Civil Procedure 10(b). The plaintiffs then filed a second amended complaint. However, plaintiffs unwittingly submitted an unfinished version of this complaint to the court. In an act of noncompulsory benevolence, the district court provided plaintiffs with an opportunity to take an additional week to ensure the deficiencies outlined by the defendants were addressed. The plaintiffs filed the amended second amended complaint the next day.

This means plaintiffs, over a period of six months, were given four opportunities to file an adequate pleading: (1) the first complaint, (2) the amended complaint, (3) the second amended complaint, and (4) the amended second amended complaint. The district court did not abuse its discretion in deciding that the plaintiffs' repeated failure to cure the complaint's deficiencies warranted denial of the motion for leave to file a third amended complaint. *See Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002) (holding district court did not abuse its discretion when plaintiff failed to cure deficiencies that persisted from the first amended complaint after given multiple chances to amend after motions to dismiss were filed); *Emery v. Am. Gen. Fin. Inc.*, 134 F.3d 1321, 1322–23 (7th Cir. 1998) (holding that although the complaint could have been cured, the plaintiff had three chances over the course of three years to state a claim and the district judge was not required to provide plaintiff another opportunity to amend).

Here, the plaintiffs failed to remedy the deficiencies in their pleadings despite having been given multiple opportunities to

do so. This is a valid basis for denying a motion for leave to amend the complaint and we will not disturb the district court's ruling.

## B. Granting of the Motion to Dismiss

Having decided the district court did not err in refusing to grant leave to amend, we now consider whether the complaint was properly dismissed. We generally review a district court's determination that a complaint fails to state a claim upon which relief may be granted *de novo*. *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th Cir. 2018). However, because appellants failed to make legal arguments in the district court, the issue is subject to waiver. "Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010) and *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005)). Thus, even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir.2005). This rule applies when a party fails to develop arguments related to a discrete issue or when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. *Alioto*, 651 F.3d at 721.

In its motion to dismiss, defendants made a number of arguments attacking both procedural and substantive deficiencies of the operative complaint. First, defendants asserted

plaintiffs' breach of contract claims were preempted by the Railway Labor Act, 45 U.S.C. § 159(a). Defendants pointed out that the Railway Labor Act separates claims into two buckets, major and minor, and minor disputes must be brought under the adjudicative mechanism of the Railway Labor Act. The defendants asserted this dispute was "minor" and this proposition was supported by controlling case law. Plaintiffs' response to this argument merely discussed in lay terms the importance of the dispute and failed to grapple with case law discussing what legally constitutes a "major" or "minor" dispute. And this is the closest plaintiffs' response came to addressing any of the arguments made by the defendants in their motion to dismiss. The district court's description of the plaintiffs' response was astute:

> Plaintiffs' response to Defendants' Motion to Dismiss fails to cite a single legal case and only argues through unsupported conclusions of fact. It also does not analyze or distinguish the cases relied on in Defendants' Motion. In addition to not citing any cases, Plaintiffs did not address the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) or discuss the elements of their claims.

Plaintiffs' arguments on appeal do little to address the issues framed by the Court. They spend significant time discussing the liberalness of the federal pleading standard, arguing that too much was expected of them at the pleading stage. However, just as they did in the district court, they fail to provide argument that each claim satisfied the pleading standard.

Plaintiffs do not discuss the elements, nor any of the substantive issues that the defendants raised in the district court.

Plaintiffs' failure to grapple with these issues in the district court, and on appeal, clearly results in waiver. *See Alioto*, 651 F.3d at 721. (Finding waiver when plaintiff "doubled down on his waiver [in the district court] by failing to grapple on appeal with [aspects] of the district court's order.").

### III.  CONCLUSION

We AFFIRM the decision of the district court.