**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided June 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3737

| | |
|---|---|
| SHAKA FREEMAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| | |
| *v.* | No. 17 C 4409 |
| | |
| METROPOLITAN WATER | Harry D. Leinenweber, |
| RECLAMATION DISTRICT | *Judge*. |
| OF GREATER CHICAGO, | |
| *Defendant-Appellee*. | |

**O R D E R**

Shaka Freeman, an African-American man with alcoholism, sued his former employer for firing him because of his race and disability. The district court dismissed his complaint for failure to state a claim. But Freeman has pleaded enough to state his discrimination claims, so we vacate the judgment and remand for further proceedings

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

with respect to those issues. We affirm with respect to Freeman's claims under *Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 694–95 (1978).

For purpose of this appeal, we assume the truth of the allegations from Freeman's complaint and its attachments. See *Carmody v. Bd. of Trs. of the Univ. of Ill.*, 747 F.3d 470, 471 (7th Cir. 2014). Freeman began working for the Metropolitan Water Reclamation District in May 2015 as an operator of a treatment plant. (The District is a municipal corporation. See 70 ILCS 2605/1.) He collected and transported temperature-sensitive water samples across the mile-long plant. Although operators typically transport these samples in District-owned vehicles, the job description does not require a driver's license. In his first year, Freeman, like all new hires, was a probationary worker and employed at will. *Id.* at 2605/4.11. After the first year, the District could fire him only for cause.

About three months after Freeman was hired, he was arrested for driving under the influence of alcohol and his license was suspended for six months. Freeman began seeing a substance-abuse counselor for his alcohol problem. He also told the District about the suspension (as required by his job contract) and his counseling. To ensure that concerns about his alcoholism or license suspension did not interfere with his job, he did three things: (1) he bought a bike and a cooler to transport samples around the plant, (2) he asked if he could use a John Deere go-cart, which does not require a driver's license on private property, and (3) he applied for an occupational driving permit from the state that would permit him to drive a company vehicle while working. (The state authorized his permit conditional on the District's approval, but the District refused to grant it.) The District fired Freeman while he was on probation, asserting "unsatisfactory performance." But Freeman alleges this explanation is pretextual; the District's real reason for firing him he said, was because of his race and because it regarded him as an alcoholic.

Freeman sued the District for employment discrimination and the case presented some managerial challenges for the district court. First, at the outset of the suit, the court recruited four attorneys to represent Freeman. Each attorney moved to withdraw because of disagreements with Freeman about litigation strategy. Second, while proceeding pro se, Freeman filed three sprawling amended complaints, each over 70 pages. On the District's motions, the judge dismissed two of these filings for their failure to comply with the requirement under Federal Rule of Civil Procedure 8(a) to contain a "short and plain statement of the claim." Freeman withdrew the third.

His fourth amended (operative) complaint raises claims of race and disability discrimination and of retaliation, invoking 42 U.S.C. §§ 1981, 1983, Title VII of the Civil Rights Act of 1964, *id.* § 2000e-2, and the Americans with Disabilities Act, *id.* at § 12112. He alleges that the District fired him "due to his race" (African American) and "disability" (alcoholism). He next asserts that the District failed reasonably to accommodate his alcoholism by refusing to let him to travel around the plant without using a car. He also accuses the District of retaliating against him by firing him after he sought reasonable accommodations. Finally, he alleges that the District fired him under an unconstitutional policy.

The district court dismissed Freeman's complaint with prejudice for failure to state a claim. It began with Freeman's claim that the District fired him because of his alcoholism. The court reasoned that Freeman pleaded neither that his alcoholism caused "substantial limitations" to major life activities nor that it caused his firing. Next, the court said, Freeman's retaliation and reasonable-accommodations claims failed because he had requested accommodations only for his license suspension, not his alcoholism. Turning to Freeman's race-discrimination claims under § 1983 and Title VII, the court ruled that Freeman "fail[ed] to plead the final element"—that he was treated less favorably than at least one colleague who was not African-American. Freeman had no claim under § 1981 because, the court explained, that section generally does not allow a private right of action against public actors. Finally, the court concluded that Freeman had not stated a "policy" claim because he had not identified the policy or practice that he challenged.

On appeal Freeman contends that his complaint sufficiently states each of his claims. He argues that the district court erroneously "judg[ed] the truth of [his] factual allegations," including his allegation that the District's decision to fire him for "unsatisfactory performance" was pretextual.

Freeman's complaint states a claim of race discrimination. A plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-514 (2002); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Rather, to proceed against the District under § 1983 or Title VII, Freeman needed only to allege—as he did here—that the District fired him because of his race. *Tamayo*, 526 F.3d at 1084; see also *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."). His failure to plead the evidentiary element about comparable coworkers, therefore, is not fatal.

Similarly, Freeman has pleaded disability and retaliation claims under the ADA. Generally speaking, a claim of disability discrimination requires more detail than a claim of race discrimination. See *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). That is why the district court faulted Freeman for not alleging that his alcoholism substantially limits a major life activity. See *id.* at 345–46. But we read Freeman's complaint as alleging that the District *regarded* him, see 42 U.S.C. § 12102(1)(C), as an alcoholic because of his suspended license for driving under the influence of alcohol, and then concluded from his suspension that his alcoholism impaired his ability to work at any job that involves safely moving items across a facility. Because that activity includes a wide class of work, a jury could conclude that it is a major life activity. See 29 C.F.R. § 1630.2(i)(1); *Miller v. Ill. Dept. of Transp.*, 643 F.3d 190, 195–97 (7th Cir. 2011). He also alleged that he could fulfill his duties with a reasonable accommodation (bike, John Deere cart, or occupational permit), but that the District fired him anyway "due to" his alcoholism and his request to accommodate his condition. These allegations state claims for disability discrimination and retaliation. See 42 U.S.C. § 12102(1)(C); *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172–73 (7th Cir. 2013).

These allegations only initiate Freeman's litigation. Later proceedings will determine if he can prove them. For example, as the district court anticipated, Freeman will need to prove that his disability and his request for an accommodation, as opposed to his license suspension (which he alleges is not a job requirement), motivated his discharge. We have recognized that alcoholism does not "cause" a license suspension for driving under the influence of alcohol, so a sincere reliance on an employee's license suspension may justify an adverse employment action. *Despears v. Milwaukee Cty.*, 63 F.3d 635, 636–37 (7th Cir. 1995). But for now his allegations suffice.

That brings us to Freeman's contention that he pleaded a sufficient claim that a District "policy" caused his discharge. To succeed on this type of claim under § 1983, he had to allege that a District policy, custom, or act by a final decisionmaker caused him to suffer a constitutional injury. *Monell*, 436 U.S. at 694–95; *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019). (The same is true for his discrimination claim under § 1981; that law does not create a private right of action against public bodies unless the plaintiff has raised *Monell* allegations. See *Campbell v. Forest Preserve Dist. of Cook Cty.*, 752 F.3d 665, 667, 669 (7th Cir. 2014).) Freeman alleges that the District disproportionately fires probationary employees who are African American. But Freeman does not allege whether the policy is to *treat* African Americans disparately or that the District's probation powers have a disparate *impact* on them. The legal consequences are different. See *Lewis v. City of Chicago*, 560 U.S. 205, 214–215 (2010) (explaining that

disparate-treatment claims require showing of intent, but disparate-impact claims do not). Because the district court recruited four attorneys to assist Freeman with pleading this claim adequately, and he had four opportunities to amend his complaint to do so and yet never did, we see no abuse of discretion in dismissing this claim without an additional leave to amend. See FED. R. CIV. P. 15(a)(2); *Lee v. Ne. Ill. Reg'l Commuter R.R.,* 912 F.3d 1049, 1052–53 (7th Cir. 2019).

One final matter. Mindful of the case-management difficulties to which we alluded earlier, we have considered whether we should affirm the district court's dismissal on another ground: Freeman's arguable failure, even in his fourth and operative complaint, to comply with Rule 8(a). See *Bennett,* 153 F.3d at 518. But because Freeman's complaint—though unwieldy—adequately states his claims, we and the district court may ignore the excess in his complaint. *Id*.

We thus VACATE the judgment and REMAND for further proceedings with respect to Freeman's race and disability discrimination claims. We AFFIRM with respect to his *Monell* claim.