**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019[*]
Decided October 22, 2019

*Before*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1207

| | |
|---|---|
| ABDUL MOHAMMED, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 18 C 2503 |
| DUPAGE LEGAL ASSISTANCE | |
| FOUNDATION, *et al.*, | Jorge L. Alonso, |
|     *Defendants-Appellees*. | *Judge*. |

## O R D E R

Abdul Mohammed sued the DuPage Legal Assistance Foundation and some of its employees under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for withdrawing from its representation of him in his divorce suit and limiting his access to another legal-aid attorney. The district court dismissed the complaint for failure to state a claim. Because Mohammed did not adequately allege a disability, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This suit arises from Mohammed's divorce proceedings, which began in 2016. Because this suit was dismissed under Federal Rule of Civil Procedure 12(b)(6), we assume the truth of the facts alleged in the complaint and its exhibits, *Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 963 (7th Cir. 2019), and construe them liberally in Mohammed's favor, *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594 (7th Cir. 2014). Cecilia Najera, the executive director of the Foundation, represented Mohammed in his divorce proceedings for several months. She withdrew from that representation in 2018. The same day that she withdrew, the Foundation's manager told Mohammed that he could not apply for legal aid from the Foundation without the approval of its Board of Directors.

Mohammed responded with this short-lived suit. He invoked Title III of the ADA, which bars public accommodations from discriminating against persons with disabilities. (He also brought a claim under Title II, which applies to public entities, but he has abandoned that claim on appeal.) Mohammed alleges that women and those without "Emotional Disabilities" who seek legal aid from the Foundation are not required to seek approval of its Board of Directors. He adds that he was the first applicant in the Foundation's 43-year history whose legal-aid application required the Board's approval. After allowing Mohammed a chance to amend his complaint to cure its defects, the district court dismissed the suit for failure to state a claim. It reasoned that Mohammed's Title III claim failed because he did not allege that a protected disability led to the defendants' actions.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). We review de novo the dismissal of Mohammed's claim. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 683 (7th Cir. 2018). To survive dismissal, Mohammed needed to state that the Foundation is a place of public accommodation, 42 U.S.C. § 12181(7), and that it denied services to him because of an alleged disability. *A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 592–93 (7th Cir. 2018).

We may assume that the Foundation qualifies as a public accommodation; nonetheless Mohammed's claim fails because he does not allege a disability. It "does not take much to allege discrimination." *See Wigginton v. Bank of Am. Corp.*, 770 F.3d 521, 522 (7th Cir. 2014); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). "[B]ut some theories of recovery require more detail than others in order to give the

required notice." *Freeman*, 927 F.3d at 965. In a disability-discrimination case, the plaintiff normally "must allege what exactly makes him disabled." *Id.*

Despite receiving a chance to do so, Mohammed never alleged "what exactly makes him disabled." *Freeman*, 927 F.3d at 965. Those charging a violation of the ADA must allege a disability "within the meaning of the Act." *Tate v. SCR Medical Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). A disability is "(i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (ii) a record of such an impairment; or (iii) being regarded as having such an impairment." 28 C.F.R. § 36.105(a)(1). Mohammed's complaint alleges vaguely that he has "Emotional Disabilities," but he never identifies what these are. Moreover, he does not allege that these disabilities substantially limit a major life activity, that he has a record of any disability, or that the Foundation regarded him as disabled. Because Mohammed failed to identify his disabilities after receiving a chance to cure his complaint's defects, the Foundation did not have fair notice of his claim. Therefore, the district court properly dismissed the suit. *See Tate,* 809 F.3d at 345.

AFFIRMED