NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided April 1, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3010

| | |
|---|---|
| CONNAN D. JOHNSON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1158 |
| SHERI PIONTEK and BROWN<br>COUNTY JAIL,<br>    *Defendants-Appellees*. | William C. Griesbach,<br>*Judge*. |

**O R D E R**

While confined in the Brown County Jail in Wisconsin, Connan Johnson requested a hearing transcript from court reporter Sheri Piontek of the Brown County Circuit Court. Johnson was dissatisfied with how long the transcript took to reach him, and he believed it was inaccurate, so he sued Piontek and the jail. The district court dismissed Johnson's complaint for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

---

[*] Defendants Sheri Piontek and Brown County Jail were not served with process and have not participated in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Because Johnson's allegations do not plausibly suggest that Piontek intentionally altered the transcript or that the defendants' actions prejudiced him in his pending litigation, we affirm.

We begin by assessing the timeliness of this appeal. The district court entered judgment on August 28, 2019, after which Johnson had 30 days to file a notice of appeal. *See* 28 U.S.C. § 2107(b). Johnson signed his notice of appeal on September 18, but because the district court did not receive it until September 30, we ordered Johnson to explain why his appeal should not be dismissed for lack of jurisdiction. Johnson responded by filing a notarized declaration, stating under penalty of perjury that he had placed his notice of appeal in the prison's internal mail system with prepaid postage on September 21.

Based on the declaration, we conclude that his appeal is timely, and we have appellate jurisdiction. As a prisoner, Johnson benefits from the prison-mailbox rule, under which his notice of appeal was "filed" on the date he placed it in the institution's internal mail system. *See* FED. R. APP. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). A prisoner may invoke the rule by filing a notarized statement or sworn declaration providing the date on which the prisoner placed the filing in the prison's internal mail system and stating that first-class postage was prepaid. Johnson's statement, which is both notarized and a sworn declaration under 28 U.S.C. § 1746, satisfies these requirements. And although Rule 4(c) requires prisoners to use the prison's legal-mail system, if it has one, Johnson further attests that his prison lacks a separate system for legal mail. We therefore conclude that he filed his notice of appeal on September 21, six days before the deadline.

Assured of our jurisdiction, we turn to the allegations in Johnson's operative complaint. Johnson alleged that, to prepare for a jury trial on December 5, 2017, he requested the transcript of a March 15, 2017, hearing. (Johnson did not provide any details about his litigation or why he needed the transcript, but Wisconsin court records show that at the time he was defending himself in a prosecution for drug charges and requested a transcript of a hearing at which his counsel moved to withdraw.[1]) In October, Johnson was temporarily transferred to a different jail because of overcrowding in Brown County. He did not receive mail there and later learned that, after Piontek had completed the transcript, she asked Brown County jail officials to hold

---

[1] *See* WISCONSIN CIRCUIT COURT ACCESS, Brown County Case No. 2016CF001148, https://wcca.wicourts.gov (last visited March 6, 2020). We can take judicial notice of public court records. *See Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012).

Johnson's mail until he returned "to make sure [he] received it." As a result, Johnson did not receive the transcript (or other mail) until he was transferred back on November 8. Johnson then discovered that the transcript did not reflect "word for word" what had been stated in court.

Johnson sued Piontek and the jail, asserting that they violated their obligations under *Brady v. Maryland*, 373 US 83 (1963), and various criminal statutes prohibiting mail tampering and the destruction of records. *See* 18 U.S.C. §§ 1519, 1701, 1702; Wis. Stat. §§ 19.45(5) and 943.392. The district court construed Johnson's complaint as asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights. Considering whether Johnson plausibly alleged a violation of his First Amendment rights, the district court concluded that he did not state a claim because he did not allege that the short delay interfered with his access to the courts. The court further concluded that the alleged inaccuracies in the transcript could not establish the violation of a constitutional right because court reporters are not liable under § 1983 for negligent errors. Finally, the court concluded that the complaint did not contain any allegations of wrongdoing by the jail. The court therefore dismissed the complaint and assessed a strike under 28 U.S.C. § 1915(g). After the court entered judgment, Johnson filed a notice of appeal and a motion for leave to amend his complaint. The district court denied Johnson's motion on the ground that Johnson's notice of appeal had divested it of jurisdiction.

On appeal, Johnson again argues that Piontek and jail officials violated criminal statutes prohibiting mail tampering and the destruction of records. But as a private citizen, Johnson cannot pursue claims under federal criminal statutes. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 306 n. 5 (1989). Nor does he have standing to prosecute the defendants for violation of Wisconsin criminal statutes. *See* Wis. Stat. § 968.02(3) (providing that only a district attorney or circuit court judge can issue criminal charges).

Johnson fares no better if we construe his complaint broadly, as the district court did, to assert claims under § 1983 for violations of his constitutional rights. Johnson may sue for a violation of his right of access to the courts only if the defendants' actions hindered his ability to litigate a nonfrivolous claim, and that consequently he suffered an actual concrete injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). His allegation that the jail briefly held his mail at Piontek's request does not permit a plausible inference that he was hindered in his ability to defend himself in his criminal prosecution. He does not explain the significance of the transcript to his defense nor assert that he had insufficient time to prepare for trial. And

Johnson's allegations reflect that Piontek tried to ensure that his transcript did not get lost in his shuffle between jails. Further, although court reporters can be liable if they intentionally modify transcripts to deny a litigant due process, *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006), nothing in Johnson's allegation that the transcript did not appear "word for word," nor his assertion on appeal that the transcript "did not coincide with prior proceedings of what was stated on record," plausibly suggests that Piontek intentionally altered the transcript.

Although we agree with the district court that Johnson's original complaint did not state a claim for relief, we note that the district court erred by dismissing it, assessing a strike, and immediately entering judgment before granting him an opportunity to amend. Courts should grant pro se litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Luevano v. Wal-Mart Stores*, Inc., 722 F.3d 1014, 1024–25 (7th Cir. 2013). "Such cases of clear futility at the outset of a case are rare." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Here, it was not clear from the original complaint alone that amendment would have been futile. Johnson alleged that the defendants withheld his legal mail for part of the month leading up to his trial, and he alleged that Piontek made alterations to the transcript but did not describe those alterations. It is possible that he could have elaborated on these allegations to permit a plausible inference that the defendants' actions interfered with his ability to prepare for trial or that Piontek intentionally altered the transcript to disadvantage him.

Nonetheless, we affirm because Johnson's proposed amended complaint confirms that allowing the amendment would have been pointless. *See, e.g., O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2015) (relying on proposed amended complaint, which district court did not accept, to affirm order dismissing original complaint with prejudice). In that pleading, Johnson explains that his trial was delayed for various reasons. (Court records confirm that Johnson's trial date was delayed multiple times, both before and after December 5, 2017.) Johnson's complaint was premised on an alleged interference with his ability to prepare for a December 5 trial that did not occur then. Since he received extra time to prepare for trial, his brief delay in receiving his legal mail in October did not hinder his ability to defend himself.

As for Johnson's claim that Piontek altered court transcripts, the elaboration in his proposed amended complaint is anything but clarifying. He alleges that Piontek must have altered the transcript of his March 15 hearing because it does not match what

was said at a *different* hearing in September. More importantly, he does not, even after being prompted by the district court's order, allege any discrepancies that might go beyond minor errors or any grounds for inferring that they could have been the product of anything more than possible negligence.

Finally, because we affirm the dismissal of Johnson's complaint for failure to state a claim, the strike that the district court assessed under 28 U.S.C. § 1915(g) stands.

AFFIRMED