NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided May 25, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3315

| | |
|---|---|
| EARL D. SMITH,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-02326-RLY-MJD |
| COURTNEY GOODWIN, et al.,<br>*Defendants-Appellees*. | Richard L. Young,<br>*Judge*. |

**O R D E R**

Earl Smith filed a form complaint for discrimination alleging that he was wrongly denied an opportunity to appeal his termination from a service program for senior citizens. On the form, he checked off boxes reflecting that he had been discriminated against based on his race, age, disability, and political beliefs. Because he was proceeding in forma pauperis, the district court screened his complaint under 28

---

[*]Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

U.S.C. § 1915(e)(2) and determined that he failed to provide sufficient allegations to state a plausible claim. The court pointed out that the complaint omitted key details, including the date he filed his appeal, the basis for his belief that any defendant discriminated against him, and the significance of any protected ground in the case. The court gave Smith a month to amend his complaint and warned him that failing to do so could result in dismissal for failure to state a claim. Smith did not file an amended complaint and the court kept its word.[1]

Smith appealed the dismissal, arguing that the court misconstrued his complaint to assert employment discrimination rather than interference with participation in a federally assisted program. *See* 42 U.S.C. § 2000d. But regardless of the statutory basis, he had to provide enough facts to apprise the defendants of the nature of his claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court explained why his complaint was deficient, gave him an opportunity to amend, and warned him that failure to amend his complaint within a month could lead to a dismissal for failure to state a claim. By not responding and addressing the deficiencies highlighted by the court, Smith essentially abandoned the litigation. *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019). Under these circumstances, the district court's decision to dismiss the complaint was appropriate.

AFFIRMED

---

[1] The district court dismissed Smith's complaint "without prejudice"—a disposition that normally is not final and therefore not appealable under 28 U.S.C. § 1291. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). Nevertheless, when, as here, it is clear that the district court is finished with the case and nothing more can be done to revive it, the judgment is final. *See Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018). The court here left no indication that it was prepared to keep the case open; instead, the court justified its dismissal on Smith's failure to amend his complaint within the allotted time.